1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF ARIZONA**

10

United States of America,                    )
                                             )          No. CR-04-1088-PHX-JAT
11                                           )          No. CV 08-0462-PHX-JAT (JCG)
                    Plaintiff-Respondent,     )
12                                           )          **REPORT AND**
        v.                                    )          **RECOMMENDATION**
13                                           )
        Calvin Frank Morris,                   )
14                                           )
                                             )
15                   Defendant-Movant.        )
        _____

16

17          Movant Calvin Morris is currently confined at a Federal Correctional Institution in

18     Fort Dix, New Jersey.  Pending before the Court is Movant's *pro se* Motion Under 28 U.S.C.

        § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody filed on
19
        March 12, 2008.  (Doc. No. 1, CV-08-0462-PHX-JAT (JCG).)  On April 17, 2008, Movant
20
        filed a Memorandum of Law in support of his § 2255 Motion.  (Doc. No. 150, CR-08-0462-
21
        PHX-JAT (JCG).)  Respondent filed an Answer to the § 2255 Motion on September 15, 2008
22
        and Movant timely replied.  (Doc. Nos. 5 & 8, CV-08-0462-PHX-JAT (JCG).)
23
24          In accordance with the Rules of Practice of the United States District Court for the

25     District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate

        Judge for report and recommendation.  As explained below, the Magistrate Judge
26
        recommends that the District Court, after an independent review of the record, deny the
27
        Motion.
28

1

# BACKGROUND

On October 12, 2004, Movant was indicted on three offenses: Conspiracy to Possess with the Intent to Distribute Cocaine in violation of 21 U.S.C. § 846, 841(a)(1) & (b)(1)(A)(ii); Attempted Possession with the Intent to Distribute Cocaine in violation of 21 U.S.C. § 846, 841(a)(1) & (b)(1)(A)(ii); and Interstate Travel in Aid of Racketeering in violation of 18 U.S.C. § 1952(a)(3).  (Doc. No. 6.)[1]  Co-defendant Florian Hipolito Jimenez also was charged in all three counts of the indictment.  (*Id*.)

On July 6, 2005, Movant proceeded to trial.  (Doc. No. 74.)  The evidence at trial established that Movant participated in a conspiracy with co-conspirator Florian Hipolito Jimenez to purchase with intent to distribute five or more kilograms of cocaine.  Between July 18, 2004 and September 19, 2004, Jimenez engaged in a series of telephone calls with nightclub owner and DEA cooperative informant Jose German.  (TR 7/7/05, pgs. 22-23, 59-60, 75.)   During those telephone calls, Jimenez told German that he and a "compadre" wanted to travel from New York to Arizona on October 7, 2004 to set up a drug trade; they planned to make an initial purchase of several kilograms of cocaine and then purchase additional amounts each month.  (TR 7/7/05, pgs. 59-75; Tr 7/12/05 pgs. 122-23.)  Jimenez also told German that he was working with someone who knew how to seal cash and drugs "like Juan Valdez."  (Exhibit 53A, pgs. 8-9.)

The evidence at trial also established that Movant communicated by telephone with Jimenez, often just after one of the co-defendants committed an act in furtherance of the conspiracy.  (TR 7/12/05, pg. 122.)  Movant purchased two can sealers and various supplies from the Wells Can Company, paid for them using his own credit cards, addressed the packages to himself and shipped the materials to his home and to a shipping store in Phoenix.  (TR 7/12/05, pgs. 120-21, 83-85; TR 7/7/05 71-74, 78-80.)  Movant booked (and re-booked) airfare for himself and Jimenez to travel from New York to Arizona.  (TR 7/12/05, pgs. 10-

---

[1] Unless otherwise indicated, citation to the Court's docket refers to the criminal docket at CR-04-1088-PHX-JAT.

13.)  Movant traveled to Phoenix with Jimenez, rented a car together and drove to a shipping store where they picked up three shipping boxes.  (TR 7/7/05, 126-28, 163-64, 166-68.) Movant rented a hotel room for himself and Jimenez and the two men unloaded the shipping boxes at the hotel.  (TR 7/7/05 180-81.)  Movant and Jimenez then drove together to Havana Café, where Jimenez had agreed to meet German.  (TR 7/7/05 pgs. 148-49.)  Movant waited in the vehicle while Jimenez met with German and two undercover DEA agents posing as cocaine suppliers.  (*Id*.)  Jimenez told German and the DEA agents that he was working with a partner who had traveled with him to Phoenix.  (TR 7/12/05, pgs. 58-59.)  Movant was arrested while waiting in the vehicle; the duffle bag he had placed in the vehicle contained six sealed cans stuffed with $58,000.  (TR 7/12/05, pgs. 65, 87.)  After searching Movant's hotel room, agents discovered additional evidence demonstrating Movant's attempts to ship canning supplies to Phoenix.  (TR 7/7/05, pgs. 205-14.)

After a six-day jury trial, Movant was convicted on all three counts as charged.  (Doc. No. 83.)  On October 3, 2005, Movant was sentenced to a 165-month term for count 1, a 165-month term for count 2, and a 60-month term for count 3.  (Doc. No. 104.)  All sentences were ordered to run concurrent, followed by a five-year term of supervised release.  (*Id*.) Movant was also ordered to pay a $300 special assessment.  (*Id*.)

On October 11, 2005, Movant filed a Notice of Appeal. (Doc. No. 107.)  In his direct appeal, Movant presented three claims: (1) the evidence presented at trial was insufficient to convict him, (2) the trial court erred in admitting evidence of Movant's prior drug arrest and (3) federal agents engaged in sentencing entrapment by selling a co-conspirator cocaine at an artificially low price. *See United States v. Calvin Frank Morris*, 210 Fed. Appx. 738 (9th Cir. December 12, 2006) (unpublished disposition).  On December 12, 2006, the United States Court of Appeals for the Ninth Circuit issued a memorandum decision affirming Movant's convictions.  *Id.*  Movant did not petition the United States Supreme Court for certiorari.  On March 12, 2008, Movant filed the pending *pro se* Motion pursuant to 28 U.S.C. § 2255.

**CLAIMS**

Movant presents six claims of ineffective assistance of counsel:

1.  **Ground 1:** trial counsel failed to challenge the government's impermissible change of theory of the case;

2.  **Ground 2:** trial counsel failed to move for a separate jury trial regarding the issue of the quantity of drugs involved;

3.  **Ground 3:** trial counsel failed to challenge the trial court's *Pinkerton* instruction to the jury;

4.  **Ground 4:** trial counsel failed to challenge the trial court's defective jury instruction that placed the burden of proof upon the Movant;

5.  **Ground 5:** trial counsel failed to move for a downward departure at sentencing based upon Movant's minimal involvement; and

6.  **Ground 6:** trial and appellate counsel failed to raise the issue of sentencing guidelines not being mandatory and/or move for the sentencing court to sentence Movant pursuant to the advisory scheme of guidelines.

(Doc. No. 1, CV-08-462-JAT (JCG).)

**LEGAL DISCUSSION**

**A.    Standard of Review**

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Thus, in order to prevail on his Petition, Movant must demonstrate that his sentence was imposed in violation of the United States Constitution or federal law. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that "[i]f it plainly appears from the motion, any attached exhibits, and the

record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

**B.    Exhaustion**

Respondent contends that Movant waived his right to present Grounds 1-6 in his section 2255 Motion because he did not raise those claims in his direct appeal.  However, Grounds 1-6 allege claims for ineffective assistance of counsel.  Movant's "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).  Accordingly, Movant is not precluded from presenting those claims in the pending Motion.

**C.    Legal Standard for Effective Assistance of Counsel**

Pursuant to the Sixth Amendment of the United States Constitution, a criminal defendant has a right to "effective assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The *Strickland* standard for ineffective assistance of counsel has two components.  A defendant must first demonstrate that counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687.  It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness."  466 U.S. at 687–88.  Second, a defendant must show that the mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694.  Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Movant can show otherwise.  *Id.* at 689–90.

**D.    Merits**

**1.    Ground 1**

In Ground 1, Movant claims that his counsel was ineffective because he failed to challenge the government's impermissible change of theory of the case.  The government

alleged in the indictment that Movant conspired and/or attempted to possess with intent to distribute 5 or more kilograms of cocaine.  According to Movant, the government argued in its rebuttal at trial that Movant attempted to purchase 4 kilograms of cocaine but also negotiated for future cocaine deals, such that the total amount of cocaine involved in the conspiracy exceeded 5 kilograms.  Movant contends that the government's rebuttal argument signified a change in the government's theory of the case, to which his trial counsel should have objected.

"After an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215-16 (1960).  If the government constructively amends the indictment by altering, either literally or in effect, the terms of an indictment after the grand jury has last passed upon them, reversal is required.  *See United States v. Hartz*, 458 F.3d 1011, 1020 (9th Cir. 2006) (citations omitted).  If, however, the proof offered at trial merely varies slightly from the allegations of the indictment, the variance does not require reversal unless it prejudices the defendant's substantial rights. *Id*.

In the present case, the government alleged in its indictment that Movant participated in a conspiracy to purchase and distribute 5 or more kilograms of cocaine.  The evidence presented at trial was consistent with this allegation.  German testified regarding several conversations that he had with co-conspirator Jimenez.  During those conversations, Jimenez told German that he wanted to travel to Arizona with Movant in order to get "four to five kilos of cocaine," and "within due time buy ten." (TR 7/7/05 pg. 64-66; 72.)  Jimenez later told German that he wanted to buy five kilograms of cocaine and take a sixth kilogram on credit. (TR 7/7/05, pg. 76.)  Jimenez also told undercover DEA agent Ruben Garcia that he wished to purchase five kilograms of cocaine and obtain a sixth kilogram on credit.  (TR 7/12/05, pg. 54.)  The government also presented evidence that Movant was found in possession of over $58,000.00 in U.S. currency at the same time Jimenez was attempting to negotiate the purchase of five kilograms of cocaine at $11,000.00 per kilogram.  (TR 7/12/05,

pgs. 54-55, 65 & 87.)  Accordingly, the government's evidence did not vary from the indictment's charge; the amount of cocaine at issue in this trial was five kilograms or more.

Because the government did not change its theory of the case at trial, counsel was not ineffective for failing to present such an objection.  Failure to take futile action can never be deficient performance.  *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).  Accordingly, Ground 1 is without merit.

### 2.    Ground 2

In Ground 2, Movant contends that his trial counsel was ineffective for failing to move for a separate jury trial regarding the issue of the quantity of drugs involved.  At trial, Movant testified that he was not involved in and did not have any knowledge of the pending drug transaction.  (TR 7/12/05, pg. 185.)  In closing argument, defense counsel argued that the government had not sustained its burden of proof with respect to the amount of cocaine at issue in the case.  (TR 7/13/05, pg. 48.)  Movant contends that defense counsel should have sought bifurcation of the trial, *ie.* a trial as to Movant's guilt followed by a separate trial as to the quantity of drugs involved, in order to avoid a conflict between Movant's testimony and defense counsel's closing argument.

The jury rejected Movant's version of the facts.  At sentencing, the trial court noted that Movant's testimony was not credible and that the jury had every legitimate reason to believe Movant had lied on the stand.  (TR 10/3/05, pgs. 16-17.)  In addition, the evidence against Movant was overwhelming.  Given Movant's lack of credibility and the weight of the evidence against him, trial counsel made a sound strategic decision to argue in favor of a lesser-included offense with respect to the quantity of drugs involved.  "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.   Accordingly, Ground 2 is without merit.

### 3.    Ground 3

In Ground 3, Petitioner alleges that his trial counsel was ineffective for failing to challenge the trial court's *Pinkerton* instruction to the jury.  According to Movant, the trial

1  court's instruction regarding participation in a conspiracy improperly suggested that Movant

2  could be liable for acts committed by Jimenez in furtherance of a separate conspiracy.[2]

3       The *Pinkerton* doctrine is a judicially-created rule that makes a conspirator criminally

4  liable for the substantive offenses committed by a co-conspirator when they are reasonably

5  foreseeable and committed in furtherance of the conspiracy. *United States v. Long*, 301 F.3d

6  1095, 1103 (9th Cir. 2002) (citing *Pinkerton v. United States*, 328 U.S. 640, 645-48 (1946)).

7  In order to establish *Pinkerton* liability, the prosecution must demonstrate: "(1) the

8  substantive offense was committed in furtherance of the conspiracy; (2) the offense fell

9  within the scope of the unlawful project; and (3) the offense could reasonably have been

10  foreseen as a necessary or natural consequence of the unlawful agreement." *See United States*

11  *v. Fonseca-Caro*, 114 F.3d 906, 908 (9th Cir. 1997) (citing *United States v. Douglass*, 780

12  F.2d 1472, 1475-76 (9th Cir.1986)).

13       In this case, the trial court instructed the jury as follows:

14       Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the
15  conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that
16  crime.
     Therefore, you may find the defendant guilty of attempting to possess
17  with the intent to distribute cocaine as charged in Count 2 of the indictment if the government has proved each of the following elements beyond a
18  reasonable doubt:

19     1.   A person named in Count 2 of the indictment committed the crime of attempting to possess with intent to distribute cocaine
20         as alleged in that count;
   2.   The person was a member of the conspiracy charged in Count
21         2 of the indictment;
   3.   The person committed the crime of attempting to possess with
22         intent to distribute cocaine in furtherance of the conspiracy;
   4.   The defendant was a member of the same conspiracy at the time
23         the offense charged in Count 2 was committed; and
   5.   The offense fell within the scope of the unlawful agreement and
24         could reasonably have been foreseen to be [a] necessary or natural consequence of the unlawful agreement.

25

26     [2] At trial, defense counsel attempted to argue that Jimenez was acting on his own behalf, and
27  not in furtherance of the conspiracy between Jimenez and Movant, when Jimenez negotiated for more than four kilograms of cocaine and/or future cocaine purchases.

28

(Doc. No. 88.)  This jury instruction conforms to the requirements of *Pinkerton* and is an accurate statement of the applicable law.  A nearly identical jury instruction was upheld by the Ninth Circuit in *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1202-03 (9th Cir. 2000).  Moreover, contrary to Movant's assertions, the jury instruction clearly advises the jury that it must find beyond a reasonable doubt that Movant was involved in the *same* conspiracy as his co-conspirator in order to be found guilty of his co-conspirator's crimes.

Because the jury instruction was not defective, trial counsel was not ineffective in failing to object to it.  *See Rupe*, 93 F.3d at 1445 (failure to take futile action can never be deficient performance).  Accordingly, Ground 3 is without merit.

**4.     Ground 4**

In Ground 4, Movant contends that trial counsel was ineffective for failing to challenge the trial court's defective jury instruction, which incorrectly placed the burden of proof upon the Movant.

During the reading of the aiding and abetting instruction, the Court misread a portion of the instruction and stated "the *defendant* must show beyond a reasonable doubt that the defendant acted with knowledge and intention of helping that person commit attempted possession with attempt to distribute cocaine." (TR 7/13/05, pgs. 18-19.)  The beginning of the instruction should have read that "the *evidence* must show beyond a reasonable doubt that the defendant ..."  (Doc. No. 88, pg. 29.)  The written instruction provided to the jury correctly stated the instruction.  (*Id*.)

"Jury instructions, even if imperfect, are not a basis for overturning a conviction absent a showing they constitute an abuse of the trial court's discretion."  *United States v. Bordallo,* 857 F.2d 519 (9th Cir. 1988) (citation omitted).  The court must examine whether the jury instructions, taken as a whole, were misleading or represented a statement inadequate to guide the jury's deliberation.  *See United States v. Kessi*, 868 F.2d 1097, 1101 (9th Cir. 1089).  A single jury instruction may not be viewed in isolation, but must be viewed in the context of the overall charge.  *Bordallo,* 857 F.2d at 527 (citations omitted).

Viewing the jury instructions are viewed as a whole, this Court concludes that the trial court's mis-reading of a single word in the aiding and abetting instruction in no way mislead the jury or inadequately guided the jury's deliberation. *See United States v. Brown*, 522 F.2d 10, 12 (9th Cir. 1975) (finding that the jury was fairly apprised of the government's burden of proof and that the error in omitting the words "beyond a reasonable doubt" from one particular instruction did not require reversal under the plain error rule.)  Although the trial court inadvertently misstated the aiding and abetting instruction while reading the instruction aloud, the jury received the correct instruction numerous other times during the trial.  At the close of the case, the jury was instructed that Movant was presumed innocent and that "the government has the burden of proving every element of the charge beyond a reasonable doubt." (TR 7/13/05, pg. 13.)  The trial court correctly instructed the jury as to the burden of proof when discussing each of the separate counts of the indictment.  (TR 7/13/05, pgs. 11, 14, 16-17.)  The printed instruction provided to the jury correctly stated that the government, not the defendant, bore the burden of proof on the aiding and abetting charge. (Doc. No. 88, pg. 29.)  Elsewhere within the aiding and abetting instruction, the trial court correctly stated: "to prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt ..."  (TR 7/13/05, pg. 18.)  Because Movant was not prejudiced by the trial court's inadvertent mis-reading of the aiding and abetting instruction, Movant's trial counsel was not ineffective in failing to object.  Accordingly, Ground 4 is without merit.

## 5.    Ground 5

In Ground 5, Movant contends that trial counsel was ineffective in failing to move for a downward departure at sentencing based upon Movant's minimal involvement. Specifically, Movant contends that his trial counsel should have argued that Movant was entitled to a reduced sentence pursuant to Section 3B1.2 of the United States Sentencing Guidelines, which allows for a downward adjustment based on a defendant's minimal participation in the offense. *See* U.S.S.G. § 3B1.2(b) (1998).

A downward adjustment under section 3B1.2 is to be used "infrequently and only in exceptional circumstances." *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1091 (9th Cir. 2000) (citation omitted).[3] "The defendant has the burden of proving by a preponderance of the evidence that he is entitled to a downward adjustment based on his role in the offense." *Id.* (citation omitted). The Guidelines define a "minor participant" as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3) (1998). A minor role adjustment is warranted only if the defendant is "substantially" less culpable than his co-participants. *See Pena-Gutierrez*, 222 F.3d at 1091.

In the present case, Movant would not have been entitled to a downward role adjustment. The evidence presented shows that Movant actively participated in a conspiracy to purchase and distribute cocaine. Movant purchased two can sealers and other equipment; Jimenez told German that his "friend" had a system for sealing drugs and cash. Movant booked and paid for airfare for himself and Jimenez to travel to Arizona together. Movant shipped sealing equipment from his home address to an Arizona address in his name. Movant also shipped $58,000 which was intended to be used to purchase cocaine. Movant then traveled to Arizona with Jimenez, rented a car, picked up a package containing the $58,000 in cash and maintained control over the cash until his arrest. Although Movant was not directly involved in purchase negotiations, German testified that it was typical for a drug transaction to involve as few people as possible; thus Movant's lack of participation does not make his role insignificant. In light of these facts, trial counsel made a sound tactical decision when he elected not to argue for a sentence reduction pursuant to U.S.S.G. § 3B1.2. Accordingly, Ground 5 is without merit.

### 6.    Ground 6

In Ground 6, Movant alleges: "Ineffective Assistance of Counsel (Trial/Appellate) -

---

[3] Contrary to Movant's assertion, *United v. Booker*, 543 U.S. 220 (2005) does not overrule the "exceptional circumstances" standard set forth in *Pena-Gutierrez*.

Failure to raise issue of Guidelines being Non-Mandatory and move for Sentencing Court to sentence Petitioner under Advisory Scheme of Guidelines, at Sentencing and upon Appeal." (Doc. No. 1, pg. 5, CV-08-462-PHX-JAT (JCG).)  Although Movant states in his Motion that facts supporting Ground 6 have been alleged in his Memorandum of Law, he does not actually provide any specific or detailed facts to support this claim.  Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).  Moreover, the government noted in its response to the Motion that Movant had failed to properly brief Ground 6; Movant does not address the government's argument or the merits of Ground 6 in his Reply and therefore appears to have conceded this issue.  Accordingly, Ground 6 is without merit.

## RECOMMENDATION

For all of the above reasons, the Magistrate recommends that the District Court, after its independent review, issue an Order **DENYING** Movant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.  (Doc. No. 1, CV-08-0462-PHX-JAT (JCG).)

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **No. CV 08-0462-PHX-JAT.**

Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.

1  *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

2     DATED this 12th day of January, 2009.

3

4

_____
5                   Jennifer C. Guerin
                United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28