**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,          )<br>                                                  )<br>          Plaintiff/Respondent,   )<br>                                                  )<br>vs.                                             )<br>                                                  )<br>Calvin Frank Morris,                 )<br>                                                  )<br>          Defendant/Movant.       )<br>_____) | CV 08-0462-PHX-JAT<br>CR 04-1088-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. On January 12, 2009, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Motion be denied. On February 18, 2009, Movant timely filed objections to the R&R.

**I.     Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner objected to the R&R's recommendation as to all of his grounds for relief, the Court will review the Motion de novo.

## II. Ineffective Assistance of Counsel

All of Movant's grounds for relief are theories of ineffective assistance of counsel. Specifically, Movant claims his counsel was ineffective in the following five ways: 1) counsel failed to object to the government's impermissible change of its theory of the case; 2) counsel failed to move to bifurcate the conviction elements from the quantity of drugs for sentencing issue; 3) counsel failed to object to the language of the *Pinkerton* instruction; 4) counsel failed to object to an incorrectly read jury instruction; and 5) counsel failed to move for a particular downward departure at sentencing which might have been available given the advisory nature of the guidelines.[1]

First, the R&R correctly concludes that Movant can bring his ineffective assistance of counsel claims for the first time in a 28 U.S.C. § 2255 motion. R&R at 5. Second, the R&R correctly recounts what Movant must show to succeed on an ineffective assistance of counsel claim. *Id.* Specifically, under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Without specific facts that cause the court to have doubts in the outcome, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

---

[1] In his Motion, Movant broke the downward departure claim and the advisory nature of the guidelines claim into two separate grounds for relief. However, by his Objection, he had combined them into a single theory of relief as to his sentence.

- 2 -

### A.     Futility

As stated above, a claim of ineffective assistance of counsel has two components, the first of which is that Movant must show that counsel's performance was deficient. *Wiggins*, 539 U.S. at 521.  Counsel's failure to take action that would have been futile can never be deficient performance. *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).  In this case, the R&R recommends that this Court find that two of Movant's theories of ineffective assistance fail because the actions Movant suggests equate to ineffective assistance would have been futile.

With respect to Movant's first theory (counsel's failure to object to the government changing its theory of the case), Movant is correct that once a grand jury indicts a defendant, the government cannot expand the charges against that defendant without a further indictment. *See Stirone v. United States*, 361 U.S. 212, 215-16 (1960).  Thus, a conviction should be reversed if the government literally or constructively amends the terms of the indictment issued by the grand jury. *United States v. Hartz*, 458 F.3d 1011, 1020 (9th Cir. 2006).  Conversely, if the proof offered at trial varies slightly from the indictment, the conviction will be affirmed unless the defendant's substantial rights have been prejudiced. *Id.*

Movant argues that the government changed its theory of the case with respect to the amount of cocaine involved.  The indictment said 5 or more kilograms of cocaine.  Objections at 2.  As both the R&R (at 6-7) and the Objections (at 2-3) recount, several witnesses testified regarding Movant's intent to purchase 5 or more kilograms of cocaine.  Therefore, the Court agrees with the recommendation of the R&R that the government did not change its theory of the case.  Further, the Court agrees with the R&R's recommendation that counsel was not ineffective for not objecting on this issue because any objection would have been futile.

Next, Movant offers an alternative theory of how the government changed its theory of the case relating to the time period alleged in the indictment.  Objections at 3.  Specifically, the indictment stated that the conspiracy began on or about July 18, 2004, and

- 3 -

1 continued to on or about October 7, 2004. Objections at 2. Movant argues that at trial the
2 government argued for a period of time that would be a "long relationship" which was
3 beyond the time frame of the indictment. Objections at 4. The Court does not find that such
4 an argument by the government constructively amended the indictment. Therefore, counsel
5 was not ineffective for failing to object to such argument because any objection would have
6 been futile.

7 With respect to Movant's third theory of ineffective assistance of counsel (that
8 counsel was ineffective for failing to object to the *Pinkerton* instruction), this Court agrees
9 with the recommendation of the R&R that any objection would have been futile. The Court
10 has re-reviewed the *Pinkerton* instruction and finds it is a correct statement of the law. *See*
11 R&R at 8-9. Movant is incorrect that the phasing of the instruction amounted to a windfall
12 for the government. *See* Objections at 9. Because the instruction was a correct statement of
13 the law, counsel was not ineffective for failing to object to it because any objection would
14 have been futile.

### B. Strategic Decisions

16 A second category of actions by counsel that will not rise to the level of deficient
17 performance are reasoned strategic decisions. *See Strickland*, 466 U.S. at 690 ("Strategic
18 choices made after thorough investigation of law and facts relevant to plausible options are
19 virtually unchallengeable."). Strategic decisions will not equate to deficient performance
20 even if the defendant disagreed with the decision. *Morris v. California*, 966 F.2d 448, 456
21 (9th Cir. 1991) (holding that tactical decisions with which the defendant disagrees cannot be
22 the basis for an ineffective assistance of counsel claim). The R&R recommends that this
23 Court deny relief on two of Movant's claims because the actions he claims were ineffective
24 were actually reasonable strategic decisions.

25 In Movant's ground two, Movant claims his counsel was ineffective for failing to
26 move to bifurcate his trial on guilt from the sentencing factor of the quantity of drugs
27 involved. Objections at 6. Movant claims that his counsel arguing that the government had
28 not proven the quantity of drugs involved impeached Movant's own testimony. The Court

1  disagrees that it was ineffective for counsel to argue for a lesser drug quantity if the jury
2  rejected Movant's version of the facts.  Further the Court agrees with the R&R that this was
3  a sound strategic decision by counsel decided after hearing Movant's testimony.
4  Accordingly, the Court finds counsel was not ineffective as to ground two.

5  In Movant's ground five, into which Movant now incorporates ground six, Movant
6  claims his counsel was ineffective for failing to move for a particular downward departure
7  in light of the fact of that guidelines were discretionary at the time of his sentencing.  As the
8  R&R concludes, which downward departures to seek is a strategic decision.  The Court
9  agrees with the R&R's conclusion that the fact that the guidelines are discretionary does not
10 change the fact that counsel can and should exercise sound discretion in determining which
11 downward departures to seek.  And the fact that counsel exercised that discretion in not
12 seeking a departure that, by case law, has been held to be available "infrequently" and only
13 in "exceptional circumstances" is a reasonable strategic decision.  *See* R&R at 11.  Therefore,
14 counsel performance was not deficient and accordingly, counsel was not ineffective.  As a
15 result, habeas relief will be denied on grounds five and six as well.

### C.  Prejudice

17 As discussed above, ineffective assistance of counsel requires a two part showing by
18 Movant: that counsel's performance was deficient and that Movant was prejudiced.  *Wiggins*,
19 539 U.S. at 521.  In ground four, Movant argues that his counsel was ineffective for failing
20 to object when the Court misread a jury instruction.  Assuming counsel's performance was
21 deficient in this regard, the Court agrees with the recommendation of the R&R that counsel
22 was not ineffective because Movant has not shown he was prejudiced.

23 As recounted in the R&R, when the Court read the instructions to the jury, the Court
24 read the aiding and abetting instruction to say, "the <u>defendant</u> must show beyond a
25 reasonable doubt that the defendant acted with knowledge and intention of helping that
26 person commit attempted possession with attempt to distribute cocaine."  R&R at 9.  As the
27 written instructions show, the actual instruction was that "the <u>evidence</u> must show beyond

a reasonable doubt... ." *Id.* Defense counsel did not object when the Court misread the instruction.

The R&R correctly states the law that the instructions must be taken as a whole and no one instruction can be taken in isolation. R&R at 9 (citing *United States v. Kessi*, 868 F.2d 1097, 1101 (9th Cir. 1989); *United States v. Bordallo*, 857 F.2d 519, 527 (9th Cir. 1988)). In reading the instructions, the Court correctly read the burden of proof in five separate places. Doc. #126 at 11, 14, 15, 16-17, and 18. Additionally, the written copy of the instructions that was provided to the jury correctly stated the burden of proof. Doc. #88 at 29. Because the jury instructions, taken as a whole, were correct, the inadvertent misreading of one portion of one instruction did not prejudice Movant. Thus, because Movant cannot show prejudice, Movant's counsel was not ineffective for failing to object to the misreading of one instruction.

### III. Conclusion

The Court having considered the grounds in the motion de novo and having determined Movant failed to establish ineffective assistance of counsel,

**IT IS ORDERED** that the R&R (Doc. #9) is accepted and adopted; the Objections (Doc. #12) are overruled;

**IT IS FURTHER ORDERED** that the motion to vacate (Doc. #1 in CV 08-462 and Doc. #146 in CR 04-1088) is denied and the Clerk of the Court shall enter judgment of dismissal, with prejudice.

DATED this 23rd day of March, 2009.

_____
James A. Teilborg
United States District Judge